

IN THE *UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE LEWIS T. BABCOCK; CASE NUMBER: 00-CV-B-250

| SMALL CLAIMS COURT, FREMONT COUNTY, COLORADO<br>Court Address:<br>136 Justice Center Road, Room 103<br>Cañon City, Colorado 81212<br>Phone Number: (719) 269-0100 | FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br>NOV - 3 2005<br>GREGORY C. LANGHAM<br>CLERK |
|---|---|
| **JOYCE BROUGHTON,**<br><br>Plaintiff,<br><br>v.<br><br>**JUSTIN STEWART,**<br><br>Defendant. | ▲ **COURT USE ONLY** ▲ |
|  | Case Number: 04 S 157<br><br>Division 1, Courtroom 302 |

**ORDER**

THIS MATTER is before the Court concerning several motions filed by the plaintiff. The undersigned is presiding after appointment by Chief Judge C.M. Barton upon the disqualification of the Hon. William G. Fox.

Although the plaintiff's motions are difficult to comprehend at times, the Court believes it has a reasonable sense of the gist of the motions. The Court does strongly recommend, however, that if the plaintiff wishes to pursue this line further, she should retain or at least consult with an attorney – many offer free initial consultations – inasmuch as her lack of formal legal training and unfamiliarity with some of the most basic principles of procedural and substantive law are apparent from a cursory examination of her pleadings. If the plaintiff insists upon continuing to represent herself, she might better serve her cause by stating her requests for relief in plain English rather than attempting to adopt the arcane writing style of 19th century jurists. Just as a native in a foreign land might appreciate the motives and respect behind an American visitor's earnest attempt to speak the native tongue of the foreign land, the Court appreciates the plaintiff's effort to communicate with the Court in language the plaintiff believes the Court is used to reading. On the other hand, communication might well be improved for both the American visitor to a foreign country and the plaintiff while visiting the courts if they simply used the language they were most familiar with and permitted the person with whom they were communicating to interpret it.

***Motion in Front of Honorable Judge David Thorson to Leave to Proceed in Change of Venue Order.*** This motion appears to request that the Court reopen a number of existing cases dating back at least ten years and consolidate them into a federal district court case. In addition

to this case filed in the Fremont County Small Claims Court, there are a civil case filed in the Fremont County Court, a domestic relations case filed in the Fremont County District Court, and a case filed in the Colorado Court of Appeals, as well as the federal district court case.

In this small claims action, the plaintiff has obtained a judgment by default against the defendant for all that she prayed for. It is difficult to imagine any reason she would seek an appellate review of that judgment order. If there are other actions taken by the small claims judge, the plaintiff's remedy is to file a separate civil action in the Fremont County District Court, usually seeking relief pursuant to C.R.C.P. 106 in the nature of prohibition or mandamus. Cases pursuant to C.R.C.P. 106 must generally be brought within thirty days of the action the complaint is based upon. In any event, this Court is without jurisdiction to initiate any proceedings to review its own decisions, without jurisdiction to take any action affecting the cases filed in the other courts, and certainly without jurisdiction to compel a federal district court to accept jurisdiction over any matter not properly brought before it by the plaintiff.[1] The long and the short of it is that even if this Court granted all of the relief requested by the plaintiff and issued orders to the same effect, no one else would pay them the least mind, and quite rightly so. The plaintiff asks for relief concerning cases up to the court of appeals and even over into federal jurisdiction, but she requests the relief from the one at the bottom of the pecking order.

An apt analogy would be to imagine someone with complaints about a hospital orderly, a nurse, a doctor, a hospital administrator, and even a doctor at another hospital (the federal court.) It won't do that person much good to go to the hospital orderly and tell him to fix all of those problems. Yet that is what the plaintiff has done by filing these pleadings in small claims court.[2]

*Motion for Order to Unseal Court Case.* This motion must be filed in the court that ordered the record to be sealed. No other court has the authority to grant the motion. The plaintiff may seek appellate review of a decision denying her request.

*Motion Change of Judge Order.* The Court is not clear what relief the plaintiff is seeking, but suspects she filed or at least prepared this motion without yet knowing that Judge Fox had recused himself on September 23, 2005, and Judge Barton had appointed Judge Thorson to preside over this case on September 26, 2005.

*Amended Notice of Client/Attorney Termination of Working Relation.* This does not appear to be requesting or requiring the Court to take any action. The plaintiff may hire and fire

---

[1] Although I am a district court judge sitting by assignment on this case, I have no more authority regarding this case than any other small claims court judge, which is not to imply that a district court judge would have the authority to grant the relief requested by the plaintiff.

[2] Once again, the Court does not state nor imply that any other court has the authority or jurisdiction to grant the requested relief, or would exercise the same if it did. Certainly none but the federal district court might have the authority to grant all of the relief requested.

2

attorneys as she pleases. The Court will take note that the named attorney is not authorized to represent the plaintiff in this matter, although the role of plaintiff's counsel in these small claims proceedings would be limited to participation in post-judgment collection efforts.

*Motion in Front of Honorable Chief Judge Charles Barton to Leave to Proceed in Change of Venue Order.* This motion appears to be identical to the similarly denominated motion first considered and ruled upon, above.

DATED and so ordered this 7th day of October, 2005.

BY THE COURT:

_____
David M. Thorson, District Judge

cc:  Joyce Broughton, P.O. Box 1116, Cañon City, CO 81212
     Justin Stewart, 117 Greydene Avenue, Cañon City, CO 81212

**Clerk of the Combined Courts**
136 JUSTICE CENTER RD.
CANON CITY, COLORADO 81212

Joyce Broughton
PO Box 1116
Canon City Co 81212

